STEPHENS, Judge,
concurring.
I am constrained by statute, case law, and the evidence presented at trial to agree with the majority opinion that we must grant Defendant a new trial. However, I write separately because I believe the result we are compelled to reach in this appeal is not what our General Assembly envisioned or intended when it provided the affirmative defense of penetration for an “accepted medical purpose[]” under section 14-27.1. See N.C. Gen. Stat. § 14-27.1 (2011) (defining “[s]exual act” to include “the penetration, however slight, by any object into the genital or anal opening of another person’s body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes”).
I believe that, in the context of sexual abuse prosecutions, our legislature' intended this affirmative defense to distinguish between necessary penetrations required by medical, hygiene, or other health needs from those which are criminal in nature. I cannot believe that our legislators'intended this affirmative defense be used as a shield by a *147 drunken, drugged, and enraged Defendant who by his own admission (1) rubs a baby’s face into carpet until she bleeds from second-degree rug bums, (2) bruises her face and head in multiple locations, and then (3) attempts to “clean” her genital and anal regions with such violence that her rectum and vagina are left tom and bleeding (all before asphyxiating the helpless infant by shoving wet toilet paper into her mouth in an effort to silence her hysterical screams of pain). I would draw our General Assembly’s attention to the discussion in the majority opinion regarding the distinction between penetration for an accepted medical purpose and penetration which occurs for such a purpose in a medically accepted manner. Surely it should be a criminal offense, even if not sexual abuse, to penetrate a baby’s vagina, even in an alleged attempt to clean feces away, if that action is undertaken in a drunken rage and results in injuries such as those Cathy suffered in the last moments of her brief life.
I further note the State could have elected to charge Defendant with felony child abuse, as the predicate felony to his first-degree murder charge, pursuant to various provisions of N.C. Gen. Stat. § 14-318.4:
(a) A parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious physical injury upon or to the child or who intentionally commits an assault upon the child which results in any serious physical injury to the child is guilty of a Class E felony....
(a3) A parent or any other person providing care to or supervision of a child less than 16 years of age who intentionally inflicts any serious bodily injury to the child or who intentionally commits an assault upon the child which results in any serious bodily injury to the child, or which results in permanent or protracted loss or impairment of any mental or emotional function, of the child, is guilty of a Class C felony.
(a4) A parent or any other person providing care to or supervision of a child less than 16 years of age whose willful act or grossly negligent omission in the care of the child shows a reckless disregard for human life is guilty of a Class E felony if the act or omission results in serious bodily injury to the child.
*148 (a5) A parent or any other person providing care to or supervision of a child less than 16 years of age whose willful act or grossly negligent omission in the care of the child shows a reckless disregard for human life is guilty of a Class H felony if the act or omission results in serious physical injury to the child.
(d) The following definitions apply in this section:
(1) Serious bodily injury. — Bodily injury that creates asubstantial risk of death or that causes serious permanent disfigurement, coma, a permanent or protracted condition that causes extreme pain, or permanent or protracted loss or impairment of the function of any bodily member or organ, or that results in prolonged hospitalization.
(2) Serious physical injury. — Physical injury that causes great pain and suffering. The term includes serious mental injury.
N.C. Gen. Stat. § 14-318.4 (2011). As noted supra, Defendant admitted that his actions caused second-degree rag bums to Cathy’s face and deep tears to her anus. These injuries would surely qualify, at a minimum, as “serious physical injur [ies]” under the statute. Likewise, Defendant’s actions were plainly willful. I cannot understand the decision by the State to proceed against Defendant on charges for sexual offense felonies without also charging him with felony child abuse, an offense for which Defendant’s shocking claim of “diaper changing” would have provided little or no defense.